In the Matter of the Petition of EDWARD SAHR and Another, as Administrators, etc., of NORMAN A. SAHR, Deceased, Petitioners, for an Award against the CITY OF NORTH TONAWANDA, NEW YORK, for the Death of the Said NORMAN A. SAHR Sustained While Performing Duties as a Volunteer Fireman, Defendant.

County Court, Niagara County, December 11, 1937.

*McGreevy & Mosco* [*Clayton M. Smith* of counsel], for the petitioners.

*Rann, Brown, Sturtevant & Kelly,* for the defendant.

GOLD, J. On August 2, 1935, decedent was the operator of a gasoline service station, located at the corner of Erie and Sherwood avenues in the city of North Tonawanda, Niagara county, upon which was a grease pit. On said day, Ernest Brunning, a neighbor of said deceased, accompanied by his son, Eric, drove to decedent's gasoline station and asked that he be permitted to drive his car over the grease pit so that he and his son might make some minor repairs, which consisted of placing new bolts in the floor mat. Permission was given and the father drove his car over the pit and the son descended to the floor of the pit.

While the son was working in the pit, deceased came over and sat on the stairs watching the men work. While sitting there, he lighted a cigarette and tossed the match to the floor of the pit, which was covered with shavings and oil, and the son stated that he smelled the odor of gasoline. Almost instantly the pit was in a mass of flames. Decedent apparently ascended the stairs and immediately reached down to guide the son to the stairs and out of the pit. Apparently, all this occurred in a very few seconds. Decedent received burns which resulted in his death. His administrators make this claim against the city of North Tonawanda upon the theory that he was a member of Rescue Fire Company No. 5 of said city and that his death resulted from burns received while decedent was in the performance of his duty as a volunteer fireman.

There seems to be no dispute as to what was done by the decedent and how he received the burns which resulted in his death.

The whole point in dispute is as to whether or not decedent died from injuries incurred while in the performance of his duties as such fireman, as contemplated by section 205 of the General Municipal Law.

Petitioners claim that his death was caused by injuries he received while in the performance of his duty as a volunteer fireman.

Defendant claims that the act of decedent was an impulsive act and was not done as a member of a volunteer fire company. Defendant claims that decedent carelessly started this fire and he impulsively did the natural and usual thing, immediately reaching down to help his friend, whose life he had placed in dire peril; that he was not acting in the performance of his duties as such fireman.

I do not believe that decedent gave any thought to the fact that he was a volunteer fireman and acting as such at the time that he reached into the pit to guide the young man from the pit to a place of safety. I think it was a personal act, done on the spur of the moment to help him, after having by his own act placed him in a perilous position.

Therefore, he was not performing the duties contemplated by section 205 of the General Municipal Law and the defendant City of North Tonawanda is not liable under the provisions of said section.

Let judgment be entered accordingly.